### FULTON v ESCANABA PAPER CO.

Ohio Appeals, 2nd Dist, Montgomery Co

No 1207.   Decided Jan 19, 1934

John W. Bricker, Attorney General, Columbus, Daniel W. Iddings, Special Counsel, Dayton, and Norman L. Weisman, of counsel for plaintiffs in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

## OPINION

By KUNKLE, J.

Counsel upon both sides have furnished the court with very persuasive briefs in support of their respective contentions. There has also been filed with us the written opinion of Judge Snediker of the Court of Common Pleas. The opinion of Judge Snediker recites in detail the pleadings in the case; the written trust agreement between the plaintiff and the Trust Company; the controlling facts as disclosed by the testimony and also contains a review of the pertinent Ohio and other authorities. Our consideration of the authorities leads us to the same conclusion as that which was reached by Judge Snediker and as he has reviewed the case in detail, we do not deem it necessary to again review the same.

Counsel for defendant in their brief, suggest that the trial court failed to give due consideration to the provision of the trust agreement that interest at the rate of 4% was to be paid upon the deposits in question. The trial court upon page 6 of its decision dealt with this feature of the agreement and held that the court would not be justified in negativing the express provisions of the agreement merely because the same provided for the payment of interest. We entertain the same view.

If the agreement was ambiguous we concede that the provision for the payment of interest would carry much weight in favor of a finding that it was a general deposit instead of a trust deposit.

Defendant, in effect, contends that the payment of interest on the fund in question conclusively removes the fund from a trust

deposit to that of a general deposit and that by reason of such payment of interest, the relation of debtor and creditor is created as between the plaintiff and the trust company. If that contention is correct, then, the fund in question is not entitled to a preference.

We cannot escape the conclusion, however, that where a Trust Company agrees to accept money as a special deposit and further agrees not to apply it against any other indebtedness of the plaintiff and to hold it intact for a limited period and then remit same to the Boston Trustee that the express provisions under which the money was deposited constitute the same trust fund.

Counsel for the Superintendent of Banks call our attention to a number of cases in support of their claim. Among the cases so cited is that of the Equitable Trust Company of New York v First National Bank of Trinidad, Colorado reported in U. S. Supreme Court Reports, 72 Lawyers' Edition, page 313. The first paragraph of the syllabus of this case is as follows:

"(1) Money deposited by a bank drawing a draft on a foreign bank with its agent, who undertakes to supply funds to meet the draft, is not a trust fund which can be recovered upon the insolvency of the agent, **where the identity of the fund is not maintained or expected to be.**"

(Black face ours).

There is no dispute in the record, but that the identity of the fund in the case at bar was maintained and that there is ample money in the trust department of The Union Trust Company to meet this obligation if it is found to be a preferred claim.

In the case of the Old Colony Trust Company v Puritan Motors Corporation, also referred to by counsel for the Trust Company, reported in 138 NE Reporter, page 321, the second paragraph of the syllabus is as follows:

"2. Even if contract between distributor and dealer in automobiles, providing for deposit by the dealer with the distributor, created a trust, where there was no evidence that the deposit was kept separate from the distributor's general funds, or that it ever came into the hands of the distributor's receiver, the dealer's claim was not entitled to priority in payment."

The facts in the above case are clearly distinguishable from the facts in the case at bar.

Upon a consideration of all the authorities cited by counsel we cannot escape the conclusion that the provision for the payment of interest does not of itself nullify the express trust provisions contained in the agreement and create a relation of debtor and creditor instead of a trust. While this case may not be entirely free from doubt, we are of opinion that the judgment of the lower court was correct and should be affirmed.

HORNBECK, PJ and BARNES, J.